**BETTER HOMES AND GARDENS, et al., Appellants,**

v.

**Donald W. BITTMANN, et al., Respondents.**

**No. C3–84–1085.**

Court of Appeals of Minnesota.

Nov. 6, 1984.

Craig Somo Hunter, Dessert, Smith & Hunter, Park Rapids, for appellants.

Richard P. Pearson, Roeder & Pearson, Walker, for respondents.

Considered and decided by CRIPPEN, P.J., and HUSPENI and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Better Homes appeals from a trial court decision that denied it a broker's commission on the sale of the Bittmann residence. The Bittmanns had a listing agreement with Better Homes. After the agreement expired, the Bittmanns sold the house directly to a purchaser whom Better Homes had solicited under the listing agreement. We reverse.

## FACTS

The facts were stipulated to the trial court. The Bittmanns signed a 90-day exclusive listing agreement with Better Homes on April 5, 1982. The agreement contained the following override clause:

I understand that you will use your best efforts to sell the above property and that I will give you the right to find a buyer willing and able to buy for the time stated below. Also, if you find a buyer, and if within 6 months after the termination of this agreement this buyer purchases the above property, I shall pay you the commission agreed upon.

On May 20, 1982, Better Homes arranged for a sale between the Bittmanns and the Carters. The Carters had discussed the purchase of the Bittmann home with them once before the listing agreement was executed and once after. The Bittmanns referred the Carters to Better Homes. The scheduled closing for July 1, 1982, did not occur, and the Carters forfeited their $200 downpayment to the Bittmanns. Under the listing agreement, Better Homes could have claimed one-half of the $200, but chose not to do so and forwarded the entire $200 to the Bittmanns.

The listing agreement expired on July 4, 1982. A few days earlier, Better Homes attempted to give the Bittmanns a list of protected buyers for purposes of invoking the override clause. The Carters were listed as protected buyers. The Bittmanns refused to accept the list which subsequently was mailed to them on July 9.

On July 26, 1982, the Bittmanns and the Carters entered a second purchase agreement and the sale was consummated on August 18, 1982. The May 20 purchase agreement and the July 26 purchase agreement were virtually identical. On the second agreement, however, the Carters paid down $5,000.

## ISSUE

Is Better Homes entitled to a broker's commission under the terms of its listing agreement with the Bittmanns?

## ANALYSIS

The override clause in the listing agreement anticipates the situation where an owner and buyer wish to eliminate the commission of a middleman who has initially brought the parties together. The Carters were solicited within the term of the listing agreement. Less than one month after the agreement expired, they struck a deal with the Bittmanns again—this time without the middleman, Better Homes. The fact that the second purchase agreement was identical to the first shows that Better Homes performed its duty under the listing agreement by producing an acceptable offer. *See Greer v. Kooiker*, 312 Minn. 499, 510, 253 N.W.2d 133, 141 (1977). Therefore, it is entitled to its commission. *See Schramsky v. Hollmichel*, 233 Minn. 481, 47 N.W.2d 177 (1951); *Spring Co. v. Holle*, 248 Minn. 51, 78 N.W.2d 315 (1956).

The Bittmanns, in their defense, claim the law requires a list of protected purchasers to be delivered to the seller within 72 hours of the expiration of the listing agreement. Minn.Rules § 2800.3800, subp. 2. They claim that Better Homes mailed the list too late. We disagree. It is undisputed Better Homes attempted to furnish the Bittmanns with a list while still under contract. This attempt met statutory requirements. The Bittmanns refused to accept the list from Better Homes. They cannot now be heard to argue that the subsequent mailing, albeit a few days late, prejudiced them. Under these circumstances, assertion of the 72-hour rule is without merit.

The Bittmanns also contend that the waiver of one-half the downpayment under the original purchase agreement precludes Better Homes from asserting rights to the commission under the subsequent purchase agreement. Again, we disagree. The override clause specifically provides for payment of a commission under the circumstances here.

Finally, the Bittmanns claim that they, not Better Homes, initially solicited the Carters for the original purchase agreement executed on May 20. The record reflects that the Bittmanns referred the Carters to Better Homes, and it was through Better Homes' efforts that the sale was arranged. Their listing was *exclusive*. Better Homes was entitled to its commission. *See Neumeier v. Sperzel*, 223 Minn. 60, 25 N.W.2d 651 (1946).

### DECISION

Reversed.